NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 15a0366n.06

Case No. 13-4270

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 20, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| DOUGLAS KITTRELLS, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: MOORE, SUTTON, and WHITE, Circuit Judges.

SUTTON, Circuit Judge. For dealing cocaine on the streets of Cleveland, Douglas Kittrells pleaded guilty to one count of drug conspiracy. *See* 21 U.S.C. § 846. This was not his first brush with the law. Kittrells already had two Ohio drug convictions under his belt: one in 2005 for drug trafficking, leading to a year in prison, and another in 2010 for drug trafficking and drug possession, leading to concurrent six-month terms for each. Based on those crimes, the district court classified Kittrells as a career offender. *See* U.S.S.G. § 4B1.1. Even so, the court imposed a below-guidelines sentence of 110 months.

Kittrells maintains he does not qualify as a "career offender" within the meaning of the federal sentencing guidelines. He is wrong. Kittrells warrants that designation, the guidelines say, if he "has at least two prior felony convictions of . . . a controlled substance offense." *Id.*

§ 4B1.1(a). A prior conviction qualifies if it "count[s] separately" towards Kittrells's criminal history score. *Id.* § 4B1.2(c). Convictions count separately, in turn, if they do not share a charging instrument, and if they do not share a sentence imposed on the same day. *Id.* § 4A1.2(a)(2). Because Kittrells's 2005 and 2010 drug trafficking convictions share neither, he meets the definition of a career offender under the guidelines. *See United States v. Williams*, 753 F.3d 626, 639 (6th Cir. 2014).

Kittrells insists his 2010 drug trafficking conviction does not qualify. Why? Because his sentence for that crime came with an equal and concurrent sentence for simple drug possession, a nonqualifying offense. *See* U.S.S.G. § 4B1.2(b). Kittrells's logic goes like this: The guidelines assess criminal history points for simultaneously imposed concurrent sentences based on "the longest sentence." *Id.* § 4A1.2(a)(2). There is no "longest" sentence here because both are the same. So the trafficking conviction does not "count separately"—it contributes no points—towards his criminal history score. As a result, Kittrells concludes, the crime does not count as a qualifying offense for purposes of the career-offender guideline.

The problem is, we recently rejected this precise argument in *Williams*. Kittrells's reasoning, we held, confuses the method for *scoring* a separate criminal episode with the method for *identifying* one. "Read in context," we explained, the career-offender guideline "says nothing" about how to treat "multiple crimes within a single predicate episode." *Williams*, 753 F.3d at 639. Separating out criminal episodes for purposes of the career-offender guideline thus has nothing to do with sentence length. *Id.* What's more, Kittrells's reading makes a hash of the guideline because it would allow defendants to avoid career-offender status by committing *more* than just the qualifying drug offense. *Id.* Nothing requires such an unusual result.

For these reasons, we affirm.